FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR -5 PM 4:11

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

GARY BRIDEAU,

Plaintiff,

Case No.: 6:17-cv-603-ORL-31-GJK

v.

ADVENTIST HEALTH SYSTEMS/
SUNBELT, INC.

Defendant.

______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Gary Brideau, by and through his undersigned trial counsel, and hereby files his Complaint and Demand for Jury Trial against the Defendant, Adventist Health Systems/Sunbelt, Inc., and states as follows:

### *ALLEGATIONS AS TO ALL COUNTS*

1. Plaintiff, Gary Brideau, brings this proceeding against his former employer, the Defendant, Adventist Health Systems/Sunbelt, Inc., pursuant to *Title VII* of the *Civil Rights Act, of 1964, as amended, 42 U.S.C. Section 2000e et. seq.,* and the *Age Discrimination Act, 29 U.S.C. Section 621, et. seq.* Gary Brideau contends Adventist Health Systems/Sunbelt, Inc. discriminated against him by terminating his employment and replacing him with someone of a seventeen (17) years younger than him.

### *Jurisdiction*

2. This Court has jurisdiction over this action pursuant to *Title VII* of the *Civil Rights Act of 1964, 42 U.S.C. Section 2000e-16,* and the *Age Discrimination in Employment Act, 29*

*U.S.C. Section 621, et. seq.*

## *Venue*

4. Venue is proper in this district pursuant to *Title VII* of the *Civil Rights Act, of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(3),* because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

5. At all relevant times, Plaintiff, Gary Brideua, was, and continues to be a resident of Port Orange, Volusia County, Florida.

6. At all relevant times, Plaintiff, Gary Brideau, who is currently fifty-seven (57) years of age was, and continues to be, covered by *Title VII* of the *Civil Rights Act, of 1964* and *Age Discrimination in Employment Act.*

7. Defendant, Adventist Health Systems/Sunbelt, Inc., is a corporation authorized to conduct business in the state of Florida.

8. At all relevant times, Defendant, Adventist Health Systems/Sunbelt, Inc., owned, operated and maintained hospitals within this jurisdiction.

9. At all relevant times, Adventist Health Systems/Sunbelt, Inc. met the definition of an "employer" under all applicable statutes.

## *Background*

10. On or about June 12, 2012, Bert Fish Medical Center, hired Plaintiff, Gary Brideau, in the position of project manager.

11. Throughout his employment, Plaintiff, Gary Brideau, continued to faithfully

perform his duties.

12. In August 2015, Plaintiff, Gary Brideau was promoted to the position of IT Director.

13. On or about April 1, 2016, Adventist Health Systems/Sunbelt, Inc., took ownership of Bert Fish Medical Center.

14. On or about April 22, 2016, Jeffrey King, a supervisor employed with the Defendant, Adventist Health Systems/Sunbelt, Inc., falsely accused Plaintiff, Gary Brideau, of failing to perform his duties in an acceptable manner.

15. On June 9, 2016, the Defendant, Adventist Health Systems/Sunbelt, Inc., terminated Plaintiff, Gary Brideau, from his employment.

16. The Defendant, Adventist Health Systems/Sunbelt, Inc., hired someone seventeen (17) years younger than Plaintiff, Gary Brideau to take his position.

17. On February 14, 2017, the United States Equal Employment Opportunity Commission furnished Plaintiff, Gary Brideau, with a Notice of Right to Sue. A copy of the Notice of Right to Sue is attached hereto and incorporated herein as *Exhibit "A."*

18. Plaintiff, Gary Brideau, has retained The Harr Law Firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its service.

19. All conditions precedent to the filing of this action have occurred or been waived.

## *COUNT I*

## *VIOLATION OF TITLE VII*

20. Plaintiff, Gary Brideau, realleges and incorporates by reference in this Count

paragraph one (1) through nineteen (19).

21. The discriminatory actions described above against Plaintiff, Gary Brideau, by the Defendant, Adventist Health Systems/Sunbelt, Inc., were based solely on his age.

22. The actions of the Defendant, Adventist Health Systems/Sunbelt, Inc., against Plaintiff, Gary Brideau, constituted disparitive treatment in violation of *Title VII of the Civil Rights Act of 1964.*

23. The actions described above taken by the Defendant, Adventist Health Systems/Sunbelt, Inc., were deliberate, intentional, and malicious, or in the alternative were undertaken with reckless disregard for the civil rights of Plaintiff, Gary Brideau.

24. As a further direct and proximate result of the wrongful acts of the Defendant, Adventist Health Systems/Sunbelt, Inc., Plaintiff, Gary Brideau, has in the past sustained and in the future will sustain loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Gary Brideau, demands judgment against the Defendant, Adventist Health Systems/Sunbelt, Inc., in an amount exceeding Fifteen Thousand Dollars ($15,000.00), plus reasonable attorney fees and costs of court and any other relief this Court deems just and proper.

*COUNT II*

*VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT*

25. Plaintiff, Gary Brideau, realleges and incorporates by reference in this Count paragraph one (1) through nineteen (19).

26. The conduct of the Defendant, Adventist Health Systems/Sunbelt, Inc., described

herein constitutes discrimination based on age in violation of the Age Discrimination in Employment Act.

27. The stated reasons for the conduct of the Defendant, Adventist Health Systems/Sunbelt, Inc., were not truthful, but instead, were pretext to hide the discriminatory animus.

28. The actions described above taken by the Defendant, Adventist Health Systems/Sunbelt, Inc., were deliberate, intentional, and malicious, or in the alternative were undertaken with reckless disregard for the civil rights of Plaintiff, Gary Brideau.

29. As a further direct and proximate result of the wrongful acts of the Defendant, Adventist Health Systems/Sunbelt, Inc., Plaintiff, Gary Brideau, has in the past sustained and in the future will sustain loss of earnings and earning capacity.

**WHEREFORE,** Plaintiff, Gary Brideau, demands judgment against the Defendant, Adventist Health Systems/Sunbelt, Inc., in an amount exceeding Fifteen Thousand Dollars ($15,000.00), plus reasonable attorney fees and costs of court and any other relief this Court deems just and proper.

## *JURY TRIAL*

30. A trial by jury is demanded on all issues triable.

*/s/ Jason L. Harr*
JASON L. HARR
Florida Bar No.: 0194336
THE HARR LAW FIRM
The Harr Professional Center

517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
michelledavis@harrlawfirm.com
nancyanderson@harrlawfirm.com
Telephone: (386) 226-4866
Telefax: (386) 226-4886
TRIAL COUNSEL FOR PLAINTIFF
GARY BRIDEAU

ATTACHMENT: Exhibit "A" - Notice of Right to Sue dated February 14, 2017